# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMRIDDEN MUKHAMADIEV,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY,<br><br>　　　　　　　　　Defendant. | Case No.:  25-cv-1017-DMS-MSB<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND SUA SPONTE DISMISSING PETITON FOR A WRIT OF HABEAS CORPUS** |

Pending before the Court are Plaintiff Mukhamediev's motion for leave to proceed in forma pauperis ("IFP"), (IFP Motion, ECF No. 2), and petition for a writ of habeas corpus under 28 U.S.C. § 2241.  (Petition, ECF No. 1).  For the following reasons, Plantiff's IFP Motion is granted and his petition for a writ of habeas corpus is dismissed with leave to amend.

## I.  BACKGROUND

Amridden Mukhamediev is a citizen of Tajikistan who is currently being detained at the Imperial Regional Detention Facility in Calexico.  (Petition, at 1, 10).  On November 21, 2024, Mukhamediev applied for admission into the United States at the Calexico Port of Entry as an undocumented immigrant.  (*Id.* at 10).  Mukhamediev applied for asylum and was taken into immigration detention.  (*Id.* at 20).  On January 17, 2025, an U.S.

Citizenship and Immigration Services officer interviewed Mukhamediev and found that he had a reasonable probability of future persecution due to his religion, his testimony was credible, and he was not subject to any bars to asylum or withholding of removal. (*Id.* at 13–15). Mukhamediev, while still in immigration detention, was scheduled to appear before an immigration judge on February 3, 2025. (*Id.* at 10). On February 5, 2025, Mukhamediev received a letter from U.S. Immigration and Customs Enforcement ("ICE") explaining that ICE declined to parole him from detention at this time because (1) Mukhamediev did not establish to ICE's satisfaction that he would "appear as required for immigration hearings, enforcement appointments, or other matters" if paroled and (2) Mukhamediev did not establish to ICE's satisfaction that he "would not pose a danger to the community or U.S. security" if paroled. (*Id.* at 16–17). The letter invited Mukhamediev to request a redetermination of ICE's decision in writing, which he lodged with the U.S. Department of Homeland Security ("DHS") on April 9, 2025. (*Id.* at 17–19). To date, Mukhamediev has been in immigration detention for over five months.

Mukhamediev filed his pending motions on April 18, 2025. Mukhamediev alleges that his five-month immigration detention without specific justification or bond hearing violates federal or international laws. (Petition, at 6). In support of his motion to proceed IFP, Mukhamediev provided an affidavit stating that he currently has no income or savings in a checking or savings account but does have some undisclosed amount of savings. (IFP Motion, at 1–2).

## II. MOTION FOR LEAVE TO PROCEED IFP AND FILING FEE

All parties instituting an application for writ of habeas corpus in a district court of the United States must pay a filing fee of $5.[1] *See* 28 U.S.C. § 1914(a). An action may proceed despite a failure to pay the entire fee at the time of filing only if the court grants

---

[1] In addition to the $5 statutory fee, civil litigants must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023). The additional $55 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

the Plaintiff leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007).

A prisoner seeking leave to proceed IFP must submit "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).  A prisoner is defined as a "person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).  However, an immigrant detained and subject to removal or deportation is not a "prisoner" under § 1915(h) "so long as he does not also face criminal charges." *Agyeman v. INS*, 296 F.3d 871, 885–86 (9th Cir. 2002).

The Court finds that Mukhamediev's IFP Motion complies with 28 U.S.C. § 1915(a)(1), (2), and S.D. Cal. CivLR 3.2b.  Because there is no indication that Mukhamediev currently faces criminal charges, Mukhamediev is not required to pay any filing fee under § 1915(a) for his application for writ of habeas corpus.  Accordingly, the Court **GRANTS** Mukhamediev's motion for leave to proceed IFP.  The Clerk shall file the petition for a writ of habeas corpus without prepayment of the filing fee.

**III.    SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2) and 1915A(b)**

Under 28 U.S.C. § 1915(e)(2) and § 1915A(b), the Court must *sua sponte* dismiss Mukhamediev's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Williams v. King*, 875 F.3d 500, 502 (9th Cir. 2017) (discussing 28 U.S.C. § 1915(e)(2)) (citing *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d

1108, 1112 (9th Cir. 2012); see also *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").

Under Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. If Plaintiff "ha[s] not nudged" his "claims across the line from conceivable to plausible," the complaint "must be dismissed." *Id.* at 570. While the court has an obligation "where the petitioner is pro se, particularly in a civil rights case, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)), it may not "supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

## IV.   DISCUSSION

Having reviewed Mukhamediev's petition for a writ of habeas corpus, the Court finds that it is deficient in at least three ways: (1) Mukhamediev's Petition demonstrates that he has not been detained for more than six months; (2) Mukhamediev has not exhausted his administrative remedies; and (3) the proper respondent for Mukhamediev's

petition for a writ of habeas corpus is the warden of the Imperial Regional Detention Facility, not DHS.

First, under 8 U.S.C. § 1226(a), Mukhamediev may be "detained pending a decision on whether [he] is to be removed from the United States." 8 U.S.C. § 1226(a). This initial detention cannot be for more than six months, after which a bond hearing must be held before the government may detain an immigrant for a longer period of time. *See Rodriguez v. Robbins*, 715 F.3d 1127, 1135–36 (9th Cir. 2013). Mukhamediev's Petition alleges that he has been in immigration detention since November 21, 2024, approximately five months from the date of this order. Because the government may initially detain Mukhamediev for six months—until May 21, 2025—before holding a bond hearing, Mukhamediev's petition for a writ of habeas corpus is not yet supported by Ninth Circuit authority. *See, e.g.*, *Garcia–Perez v. Kane*, No. 13–01870, 2014 WL 3339794, at *2 (D. Ariz. July 8, 2014) (denying a habeas petition because petitioner "has not been detained for longer than six months").

Second, Mukhamediev appears not to have exhausted his administrative remedies. Mukhamediev's Petition alleges that, on April 9, 2025, he filed a written appeal to DHS requesting a redetermination of ICE's initial refusal to grant him parole. (Petition, at 2). "'The exhaustion requirement is prudential, rather than jurisdictional for habeas claims' challenging bond determinations under 8 U.S.C. § 1226(a)." *Marroquin Ambriz v. Barr*, 420 F. Supp. 3d 953, 961 (N.D. Cal. 2019) (quoting *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017). A district court may require prudential exhaustion when: "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Hernandez*, 872 F.3d at 988. However, a district court may waive the exhaustion requirement if "administrative remedies are inadequate or not efficacious, pursuit of administrative

remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Id.*

Based on Mukhamediev's Petition, the Court finds that the government should have the opportunity to adjudicate Mukhamediev's appeal under DHS' administrative scheme. The Court also finds that waiver would be improper as there is currently no indication that administrative remedies would be inadequate, pursuit would be futile, irreparable injury to Mukhamediev would result, or that any bond determination hearings would be void.

Third, the Court cannot exercise jurisdiction over Mukhamediev's Petition so long as he fails to name as respondent the warden of the detention facility where he is being detained, here the Imperial Regional Detention Facility. Mukhamediev's Petition is a core habeas petition because he is "challenging his present physical confinent." *Doe v. Garland*, 109 F.4th 1188, 1194 (9th Cir. 2024). "[C]ore habeas petitioners challenging their present physical confinement [must] name their immediate custodian, the warden of the facility where they are detained, as the respondent to their petition." *Id.* at 1197. The warden is the one "who has day-to-day control of the petitioner . . . , even if that warden does not have the legal authority to decide whether to keep the petitioner detained." *Rivera-Trigueros v. Becerra*, 720 F. Supp. 3d 80, 812 (N.D. Cal. 2024). Because Mukhamediev names DHS and not the warden of the Imperial Regional Detention Facility as the respondent in his Petition, the Court cannot exercise jurisdiction over his writ of habeas corpus.

Accordingly, the Court dismisses Mukhamediev's petition for a writ of habeas corpus. Because the deficiencies identified in Mukhamediev's Petition can be easily cured with time or simple amendment, this dismissal shall be with leave to amend. Plaintiff shall have **thirty (30) days** from the date of this order to refile an amended petition for a writ of habeas corpus.

1 | **IT IS SO ORDERED.**

2 | Dated: April 25, 2025

Hon. Dana M. Sabraw
United States District Judge